NANAK et al., Appellants,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Nanak v. Columbus* (1997), 121 Ohio App.3d 83.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE10–1350.

Decided June 26, 1997.

84

*John S. Bowers*, for appellants.

*Janet E. Jackson*, City Attorney, and *Jutta E. Martin*, Assistant City Attorney, for appellee city of Columbus.

PEGGY BRYANT, Judge.

Plaintiffs-appellants, Mary N. Nanak (individually, "plaintiff") and Robert Nanak, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, city of Columbus. Plaintiffs assign a single error:

"The court below erred in sustaining defendant–appellee's motion for summary judgment as set forth in the court's decision filed on August 22, 1996 and the judgment entry journalizing said decision filed therein on September 17, 1996."

Because the trial court improperly entered summary judgment for defendant, we reverse the trial court's judgment and remand for further proceedings.

On July 19, 1995, plaintiffs filed a complaint against defendant, contending that on July 20, 1993, plaintiff was walking on the sidewalk near the curb in front of 1738 Parsons Avenue, when she walked on the grill-work near the curb. Because the grill-work was covered with grass and weeds on that date, a three-inch depression in it, where a tree once had been planted, was obscured. Plaintiff stepped into the hole with her right foot, caught her foot on the rim of the hole, and fell to the grill-work, sustaining a fracture of her right kneecap. Asserting defendant was negligent in failing to keep the grill-work free of grass and weeds so that the grill-work could be readily visible, plaintiffs sought damages for her injuries and her husband's loss of services and consortium.

The city ultimately filed a motion for summary judgment; following full briefing, the trial court granted the city's motion, finding that the city lacked constructive notice of the allegedly unsafe condition. Plaintiffs appeal, contending that the trial court erred in granting summary judgment.

In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 275–276. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed).

Pursuant to R.C. 2744.02(A)(1), the city generally is not liable in damages in a civil action for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function. R.C. 2744.02(B)(1) through (5), however, list five exceptions to that general rule. See *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502. As the parties agree, R.C. 2744.02(B)(3) provides the only applicable exception here, stating:

"Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public * * * sidewalks * * * within the political subdivisions open, in repair, and free from nuisance * * *." See, also, *Manufacturer's Natl. Bank of Detroit v. Erie Cty. Rd. Comm.* (1992), 63 Ohio St.3d 318, 587 N.E.2d 819 (cases under similar provisions of R.C. 723.01 apply in analyzing R.C. 2744.02[B][3]).

 To prove the city's liability under its duty of ordinary care to keep its streets, sidewalks, and other public ways open, in repair, and free from nuisance, plaintiffs must present evidence either that the city's agents or officers actually created the faulty condition from which the injury resulted, or that it had notice, actual or constructive, of the condition. *Ruwe v. Springfield Twp. Bd. of Trustees* (1987), 29 Ohio St.3d 59, 60, 29 OBR 441, 442–443, 505 N.E.2d 957, 958–959. In support of its summary judgment motion, the city attached the affidavit of Brian Shaffer, who admitted that as part of the Parsons Avenue Improvement project, which was concluded in 1989, trees were planted and tree grates were installed along Parsons Avenue, including the area where plaintiff fell. Jack Low, the city forester, supplied an affidavit indicating that the city has no records of having removed the tree in front of 1738 Parsons Avenue. Further, Wally Musgrove supplied an affidavit indicating that he had no record of receiving any complaints about the sidewalk in the area of 1738 Parsons Avenue. Indeed, plaintiffs do not contend that the city created the unsafe condition by removing the tree, nor do they contend that the city had actual notice of it.

 As a result, the viability of plaintiffs' claim depends on charging the city with constructive notice. To create a genuine issue of material fact concerning constructive notice, plaintiffs needed to set forth evidence in the trial court indicating that (1) the unsafe condition must have existed in such a manner that it could or should have been discovered, (2) the condition existed for such a length of time to have been discovered, and (3) if it had been discovered, it would have created a reasonable apprehension of potential danger or an invasion of private rights. *Beebe v. Toledo* (1958), 168 Ohio St. 203, 6 O.O.2d 1, 151 N.E.2d 738, paragraph two of the syllabus.

 The first prong of *Beebe* examines whether the unsafe condition must have existed in such a manner that it could or should have been discovered. Here, the evidence before the trial court, construed in plaintiffs' favor, indicated that the city at one time planted a tree in the grate where plaintiff fell; at the time plaintiff fell, the tree was no longer there. The absence of the tree, which created the unsafe condition by leaving a weeded depression in the tree grate where the tree once had been, was easily discoverable; the condition existed with

such physical characteristics the city could or should have discovered it, provided it existed for such a period of time to have been discovered, as required under the second prong of *Beebe*.

In that regard, plaintiffs supplied the affidavit of their attorney to which is attached a xerox copy of a photograph counsel took of the empty tree grate in front of 1738 Parsons Avenue on or about July 26, 1993, six days following plaintiff's fall. The affidavit indicates that the picture is a fair and accurate representation of the empty tree-grate and its location relevant to the sidewalk as it existed on or about July 26, 1993.

While we do not suggest that plaintiffs' evidence necessarily establishes the second prong of *Beebe*, construed in plaintiffs' favor under the parameters of Civ.R. 56 it is sufficient to overcome the city's summary judgment motion. Plaintiffs' photograph does not depict a few weeds here and there in the depression where the tree once was planted; it depicts a healthy and solid patch of weeds completely covering the area where the tree had been, with weeds spilling over the edges of that area on to the grate. Even six days after the accident, the picture suggests that the tree was gone long enough to allow a substantial accumulation of weed growth. Given the summary judgment posture of the matter before us, plaintiffs' evidence creates a genuine issue of material fact concerning whether the unsafe condition existed long enough for it to have been discovered.

Under the third prong of *Beebe*, the issue is whether the unsafe condition, had it been discovered, would have created a reasonable apprehension of potential danger. Apparently resting its decision on the third prong, the trial court concluded that because plaintiff perceived nothing unusual about the grate, the grate necessarily did not create a reasonable apprehension of potential danger.

Initially, such a rationale presents a nearly impossible hurdle for an injured person. It suggests that if he or she did not see and appreciate the unsafe condition, then the city should not have, and no liability attaches; or, if a plaintiff sees and appreciates the condition, and thus the city should also, the plaintiff is more than likely precluded from recovery by his or her own negligence. In few circumstances could the city be held to its duty under R.C. 723.01, a result surely not contemplated under *Beebe*.

Rather, the third prong of *Beebe*, in this case, asks whether the city should have appreciated a potential danger, given the absence of the tree it once had planted in that location. In that respect, the evidence creates a genuine issue of material fact sufficient to overcome the city's summary judgment motion. While the city may be able to show that, given plaintiff's knowledge of the area, she was negligent in traversing the grate, plaintiff's negligence was not the basis of the trial court's decision.

In the final analysis, plaintiffs have presented sufficient evidence, albeit barely in some instances, to create a genuine issue of material fact concerning the city's constructive notice under the three prongs of *Beebe.* Accordingly, we sustain plaintiffs' single assignment of error, reverse the judgment of the trial court, and remand for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

TYACK, P.J., concurs.

PETREE, J., dissents.

PETREE, Judge, dissenting.

Being unable to agree with the majority, I respectfully dissent.

In order to charge the municipality with constructive notice of a nuisance, it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered, it would have created a reasonable apprehension of a potential danger. *Beebe v. Toledo* (1958), 168 Ohio St. 203, 6 O.O.2d 1, 151 N.E.2d 738. In this case, plaintiff contends that the city had constructive notice (1) that the hole left in the center of the tree grate after the tree had been removed and (2) that the hole had become obstructed by weeds.

With regard to the first allegation of nuisance, the issue is whether plaintiff has produced any evidence to permit a reasonable inference that the tree had been missing for a sufficient length of time, prior to plaintiff's fall, such that the existence of the hole should have been discovered by the city. The majority finds that a photograph of the tree grate, taken six days after plaintiff's fall, gives rise to a reasonable inference that the tree had been removed well before plaintiff fell. This conclusion is based on an assumption regarding the rate of weed growth in and around the hole.

In my view, the photograph is insufficient, as a matter of law, to permit a reasonable inference that the tree was removed even one day prior to plaintiff's fall. There is simply no evidence in the record to support a finding regarding the rate of weed growth in and around the hole. It is pure speculation for the jury to determine the rate of weed growth and, thereby, determine the approximate date the tree was removed.

Similarly, with regard to plaintiff's claim that the city maintained a nuisance by allowing weeds to obstruct the hole, the only evidence plaintiff offered to support that allegation was the photograph taken six days after the fall. Although

**89**

plaintiff alleges in her complaint that the hole was weed-covered on the date of her fall, plaintiff's deposition was not filed with the trial court and is not part of the record on appeal. Moreover, under *Beebe*, to establish constructive notice, plaintiff must provide evidence that the hole became weed-covered well before her fall. Absent evidence as to the rate of weed growth, a finding regarding the degree of weed growth on the date of the accident is pure speculation.

Given the complete lack of evidence that the nuisance existed for a sufficient length of time to have been discovered by the city, I would affirm the judgment of the trial court.