OPINION
Appellants Tara D. Albert, John Albert, and Employers Health Insurance appeal a summary judgment of the Licking County Common Pleas Court dismissing their complaint for negligence against appellees Showe Management Corporation; Showe Builders, Inc.; National Housing Corporation; and Newark Village Square Apartments:
 ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT SHOWE MANAGEMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING THE LIABILITY OF DEFENDANT SHOWE MANAGEMENT CORPORATION FOR PLAINTIFF'S INJURIES WHICH WERE CAUSED BY A DEFECT IN THE PREMISES.
II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT SHOWE MANAGEMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT BECAUSE A GENUINE ISSUE OF MATERIAL FACT REMAINS AS TO WHETHER THE "TWO INCH" RULE APPLIES TO DEFECTS IN NATURAL SURFACES.
On September 9, 1995, appellant Tara Albert was playing with her daughter in the yard in front of her apartment unit in Newark Village Square Apartments. Her daughter was wearing new shoes. Appellant noticed a pair of "old, nasty" shoes at the edge of the patio, belonging to her daughter. She decided to take the shoes to a trash receptacle located near the building. She walked across the grass yard toward the trash bin to throw the shoes away. Her foot went into a hole approximately four to eight inches deep, located in the grass next to the edge of the sidewalk. Appellant broke her foot in the fall. Appellants Tara and John Albert filed a complaint in the Licking County Common Pleas Court alleging that Tara was injured as a result of appellees' negligence in allowing the hole to exist in the yard next to the sidewalk. Intervening plaintiff appellant Employers Health Insurance filed a complaint, claiming to be subrogated to appellant's claims. Appellees filed a motion for summary judgment. The court granted the motion, and dismissed the complaint. Civ. R. 56 (C) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions, affidavits, transcripts of evidence, and written stipulations demonstrate that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The court must construe the evidence most strongly in favor of the non-moving party, and must not enter summary judgment unless reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. A party seeking summary judgment, on the basis that the non-moving party cannot prove its case, bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this initial burden, the non-moving party then has a reciprocal burden outlined in Civ. R. 56 (E) to set forth specific facts showing that there is a genuine issue for trial. Id. We review summary judgment on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I
Appellants argue that the court erred in granting summary judgment, as genuine issues of material fact exist regarding appellees' liability for injuries caused by a defect in the premises. Under common law, a landlord who had given up possession and control of the premises was not liable for injuries occurring on the premises. Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20. However, in Shroades, the Ohio Supreme Court recognized that the landlord could be held liable to a tenant under special circumstances. Id. at 23. One such circumstance exists when a duty is imposed upon the landlord by statute. Id. Accordingly, a landlord is liable for injuries, sustained on the residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04. Id. at syllabus. Failure to fulfill these duties is negligence per se. Id. Further, in order to make a claim against a landlord, the tenant must demonstrate that the landlord knew of the defect, or the tenant made reasonable attempts to notify the landlord of the defect. Id. There is no evidence in the record to suggest that appellees had actual or constructive notice of the hole. Appellants argue that appellee obviously failed to inspect its premises as the hole was not discovered; that the hole must have been there for a long time; and, because the hole existed for a long time, it should have been discovered by appellee. However, appellants point to no evidence to support this argument. To demonstrate notice, the plaintiff must prove that: (1) the unsafe condition must have existed in such a manner that it could or should have been discovered, (2) the condition existed for such a length of time that it should have been discovered, (3) if it had been discovered, it would have created a reasonable apprehension of potential danger or invasion of private rights. Nanak v. Columbus (1997), 121 Ohio App.3d 83, 86, citing Beebe v. Toledo (1958), 168 Ohio St. 203, paragraph two of the syllabus. In the instant case, there is no evidence of any of these three elements. There is no evidence as to appellees' inspection or care of the yard in question. There is no evidence as to the nature of the hole; therefore, the record does not reflect whether the hole was a naturally occurring dip in the contour of the land, an animal hole, a tire track, or a depression occurring between the height of the sidewalk and the grass. There is no evidence that the hole existed for any length of time. Further, there is no evidence the hole is of such a nature that had appellees discovered it, it would have created a reasonable apprehension of potential danger. In the absence of any evidence that appellee had actual or constructive notice of the hole, the court did not err in granting summary judgment. The first assignment of error is overruled.
 II
Appellants argue that the court erred in failing to extend the two-inch rule to natural surfaces. The two-inch rule derived from the general rule of law that no liability rests on the owner of premises for minor imperfections, which are commonly encountered, and are not unreasonably dangerous. See Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60. Therefore, a height differential between sections of sidewalk is rebuttably presumed to be insubstantial unless it exceeds two inches in height. Cash v. Cincinnati (1981), 66 Ohio St.2d 319. Any height differential of less than two inches in a sidewalk is considered to be a minor imperfection, for which liability will not lie. Appellants have cited no authority for the proposition that the two-inch rule applies to natural surfaces. We decline to extend the two-inch rule to natural surfaces, where dips, ruts, and holes commonly and naturally occur. Application of a two-inch rule to open ground would impose too great a burden upon owners of property, as contours and conditions of natural surfaces exist naturally, and change frequently due to weather, animal activity, and normal use of the property for recreational activities. The second assignment of error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed. By Gwin, P.J., Edwards, J., concur, Hoffman, J., concurs separately.