[Cite as *Gomez v. Cleveland*, 2012-Ohio-1642.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97179**

## PIEDAD GOMEZ

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734897

**BEFORE:**   Stewart, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 12, 2012

**ATTORNEY FOR APPELLANT**

Wayne Pearsall
Law Office of Jazmin Torres-Lugo
2012 W. 25th Street, Suite 416
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law

BY:    Jerome A. Payne, Jr.
Assistant Director of Law
City Hall, Room 106
601 Lakeside Avenue
Cleveland, OH    44114

MELODY J. STEWART, P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Plaintiff-appellant Piedad Gomez appeals from the trial court's grant of summary judgment in favor of defendant-appellee city of Cleveland in a suit alleging negligent roadway maintenance. She complains that her affidavit and attached photograph create a genuine issue of material fact as to whether the city had actual or constructive notice of a hazardous pothole that she struck with her vehicle. For the following reasons, we affirm.

**{¶2}** On August 23, 2008, Gomez hit a pothole on a public street that was required to be kept in repair and free from nuisances by the city and, as a result, sustained physical injury and property damages. She filed suit alleging negligence and asserted that the city had breached its duty by negligently and carelessly maintaining the street. She asserts that the city had actual or constructive notice of the conditions that led to her injuries but failed to warn her of the existing hazardous condition. The city in its answer claimed that it did not have actual or constructive notice of any alleged hazard.

**{¶3}** On May 24, 2011, the city filed a motion for summary judgment on grounds of immunity and lack of actual and/or constructive notice. Three days later, the city supplemented its motion with an affidavit signed by Lillie Hurtt, record custodian for the city's division of streets. The affidavit stated that Hurtt had conducted a search of the

records up to seven weeks prior to the incident, and found no complaints, calls, or other notice concerning potholes or any other hazardous conditions reported to the city at the intersection where the accident occurred. Gomez opposed the motion for summary judgment with her own affidavit and also attached a photograph of the intersection at issue, alleging that it demonstrated that a great deal of road construction had taken place there. The trial court found that no genuine issue of material fact existed and granted the city's motion for summary judgment.

{¶4} In her sole assignment of error, Gomez complains that the trial court erred in granting the city's motion for summary judgment. She insists that the photograph appended to her affidavit creates an unresolved issue of material fact concerning the city's actual or constructive notice of the pothole that caused her injuries.

{¶5} Under Ohio law, potholes in the roadway are "classic examples of nuisances against which political subdivisions have the duty to protect" travelers from injury. *Kertesz v. Fulton Cty.*, 6th Dist. No. F-05-026, 2006-Ohio-3178, ¶ 18; *Cater v. Cleveland*, 83 Ohio St.3d 24, 30, 697 N.E.2d 610 (1998). R.C. 2744.02(B) addresses governmental accountability for road conditions, and affixes political subdivision liability if damages result from a "negligent failure to keep public roads in repair [or] other negligent failure to remove obstructions from public roads." R.C. 2744.02(B)(3).

{¶6} "To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury."

*Walters v. Eaton*, 12th Dist. No. CA2001-06-012, 2002-Ohio-1338, at 2, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The standard of care required to be exercised by political subdivisions to maintain streets that are free from nuisance is "that care which persons of reasonable and ordinary prudence exercise under like circumstances and conditions." *Taylor v. Cincinnati*, 143 Ohio St. 426, 447, 55 N.E.2d 724 (1944).

{¶7} A municipality's liability for damages for failing to perform the duty of alleviating faulty road conditions "arises only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality has actual or constructive notice of its existence." *Cleveland v. Amato,* 123 Ohio St. 575, 176 N.E. 227 (1931). "There is constructive knowledge where the nuisance existed in such a way that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger." *Kertesz* at ¶ 20.

> To create a genuine issue of material fact concerning constructive notice, plaintiffs needed to set forth evidence in the trial court indicating that (1) the unsafe condition must have existed in such a manner that it could or should have been discovered, (2) the condition existed for such a length of time to have been discovered, and (3) if it had been discovered, it would have created a reasonable apprehension of potential danger or an invasion of private rights.

*Nanak v. Columbus*, 121 Ohio App.3d 83, 86, 698 N.E.2d 1061 (10th Dist.1997), citing *Beebe v. Toledo,* 168 Ohio St. 203, 151 N.E.2d 738 (1958), paragraph two of the syllabus.

{¶8} In *Franks v. Lopez,* 69 Ohio St.3d 345, 632 N.E.2d 502 (1994), the plaintiff alleged that the county and township defendants had breached their duty to keep the roads

free from nuisance. The defendants successfully moved the trial court for summary judgment, but the appeals court reversed part of the trial court's judgment, holding in pertinent part that questions of fact remained as to whether the township had breached its duty. In opposition to the motion for summary judgment, the plaintiff had presented

> [A]n affidavit from an engineering expert describing the hazard, accompanied by photographic exhibits demonstrating the obviousness of the danger posed by the failure to maintain * * * [and] the deposition testimony of a nearby resident that there had been at least three previous accidents at this intersection and that the condition * * * had existed for a substantial period of time. *Franks* at 349.

{¶9} In the instant case, the city asserts that the records from the division of streets demonstrate that it had no actual or constructive notice that road repairs were needed in the vicinity of Gomez's incident during a seven-week period preceding her accident. In response, Gomez contends that the photo attached to her affidavit creates a genuine issue of material fact to preclude summary judgment at this juncture in the litigation. However, the attached photograph, containing a date-stamp of August 10, 2009, and taken almost one year after Gomez was involved in her accident, merely shows orange construction cones and barrels, along with signage indicating that the road was closed. While the law establishes that the city has a duty to address potholes that deteriorate into dangerous conditions, the proof that Gomez presents does not suffice to show that there is any issue of material fact. Gomez's affidavit and photograph fail to prove that the city had actual or constructive notice of the alleged condition of the road at the time of her accident. Therefore, her assignment of error is accordingly overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR