[Cite as *Todd v. Cleveland*, 2013-Ohio-101.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98333**

## TAMMY L. TODD, ET AL.

PLAINTIFFS-APPELLEES

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758883

**BEFORE:** Rocco, J., Stewart, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 17, 2013

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Interim Director of Law

By:   Jerome A. Payne, Jr.
Assistant Director of Law
City Hall–Room 106
601 Lakeside Avenue
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEES**

Scott I. Levey
Mondello & Levey
55 Public Square
Suite 1616
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

**{¶1}** Plaintiff Tammy Todd was driving on a street in the City of Cleveland when she hit a pothole, lost control of her vehicle, and struck a utility pole. She brought this action against the city seeking damages for the injuries she sustained in the accident, alleging that the city had negligently failed to maintain the road and that the city's negligence was the proximate cause of her injuries.

**{¶2}** The city filed a motion for summary judgment in which it argued that it was immune from liability under R.C. 2744.02(A)(1) and was otherwise entitled to judgment as a matter of law because the danger presented by the pothole was open and obvious. The trial court denied the city's motion, stating that there were genuine issues of material fact, and the city appealed.

**{¶3}** The city raises three assignments of error arising out of the denial of its motion for summary judgment. The city argues that the trial court erred in denying its motion for summary judgment because the alleged hazardous pothole was not an "obstruction" under R.C. 2744.02(B)(3), the only potentially applicable exception to statutory immunity. The city also contends that the trial court improperly denied its motion for summary judgment because it did not have actual or constructive notice of the alleged hazardous pothole prior to Todd's accident and the pothole was open and obvious, such that the city owed no duty to Todd to protect her from any alleged danger presented by the pothole.

**{¶4}** Finding no merit to the city's first and second assignments of error and

concluding that we lack jurisdiction to consider the city's third assignment of error, we affirm the trial court's denial of summary judgment.

{¶5} An appeal of a trial court's summary judgment ruling is subject to a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶6} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶7} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶8} The city's first assignment of error states:

> 1. THE TRIAL COURT ERRED WHEN IT DENIED THE CITY OF CLEVELAND'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE ALLEGED HAZARD IS NOT AN OBSTRUCTION.

{¶9} A "three-tiered" analysis is applied in determining whether a political subdivision is entitled to immunity from civil liability pursuant to R.C. Chapter 2744. *Hubbard v. Canton City Bd. of Edn.,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 54, ¶ 10. We must first determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with a governmental or proprietary function. If the political subdivision is entitled to immunity, we must then consider whether the plaintiff has shown that any of the exceptions to immunity set forth in R.C. 2744.02(B) apply. If an exception to sovereign immunity applies, we must consider whether the political subdivision can assert one of the defenses to liability under R.C. 2744.03.

**{¶10}** R.C. 2744.02(A)(1) establishes a general grant of sovereign immunity, providing that a political subdivision is not liable for damages for injury, death, or loss to person or property incurred in connection with the performance of a governmental or proprietary function. The maintenance and repair of roads is a "governmental function." R.C. 2744.01(C)(2)(e).

**{¶11}** R.C. 2744.02(B)(3), however, provides an exception to the general grant of sovereign immunity for injuries or losses resulting from the "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * * ."

**{¶12}** In its first assignment of error, the city argues that a pothole is not an "obstruction" as contemplated in R.C. 2744.02(B)(3), and that, therefore, the public roads

exception in R.C. 2744.02(B)(3) does not apply to Todd's claim. The city cites *Howard v. Miami Twp. Fire Div.,* 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, for the proposition that "obstruction" as used in the statute means "an obstacle that blocks or clogs the roadway and not merely a thing or condition that hinders or impeded the use of the roadway or that may have the potential to do so." *Id.* at ¶ 30. The city maintains that because there was no evidence that the pothole Todd encountered "blocked or clogged traffic," the pothole was not an "obstruction."

{¶13} There is no statutory definition of "obstructions." The city's argument that a pothole does not constitute an obstruction is debatable. *See Crabtree v. Cook*, 196 Ohio App.3d 546, 2011-Ohio-5612, 964 N.E.2d 473, ¶ 26 (10th Dist.) (proposition that potholes "could never as a matter of law" rise to the level of "obstructions" under R.C. 2744.02(B)(3) would constitute "an overly broad exclusion from liability"). However, we need not decide that issue. R.C. 2744.02(B)(3) creates a separate exception for injuries or losses caused by the "negligent failure to keep public roads in repair."

{¶14} If we interpret R.C. 2744.02(B)(3) to give effect to all of its words, it is possible for a road to be in good repair, yet temporarily obstructed by something like a fallen branch. The terms "in repair" and "obstructions" exist separately under R.C. 2744.02(B)(3) and provide two separate, independent bases for precluding statutory immunity with respect to public roads. *See Bonace v. Springfield Twp.*, 179 Ohio App.3d 736, 2008-Ohio-6364, 903 N.E.2d 683, ¶ 29 (7th Dist.); *Crabtree* at ¶ 27 ("negligent failure to keep public roads in repair" is an alternative basis for liability and

"imposes its own distinct duty of care upon the municipality").

{¶15} The term "in repair" is likewise not defined by the statute. When interpreting R.C. 305.12, a statute authorizing suits against a board of county commissioners for failure to keep roads "in proper repair," the Ohio Supreme Court held that "the intent of the General Assembly was to place a duty on the commissioners only in matters concerning either the deterioration or disassembly of county roads and bridges." *Heckert v. Patrick,* 15 Ohio St.3d 402, 406, 473 N.E.2d 1204 (1984). Consistent with *Heckert,* the "in repair" language contained in R.C. 2744.02(B)(3) has been interpreted to include "fixing holes or crumbling pavement," i.e., repairing potholes, when a road is deteriorating. *Crabtree*, 2011-Ohio-5612, ¶ 27, citing *Bonace*, 179 Ohio App.3d 736, 2008-Ohio-6364, 903 N.E.2d 683, ¶ 29. A city, therefore, has a duty to repair potholes that deteriorate into a potentially hazardous condition. *Gomez v. Cleveland*, 8th Dist. No. 97179, 2012-Ohio-1642, ¶ 9.

{¶16} Because the city could be liable under R.C. 2744.02(B)(3) if the hazardous pothole that allegedly caused Todd's injury was the result of the city's "negligent failure to keep public roads in repair," regardless of whether the pothole also constituted an "obstruction" within the meaning of R.C. 2744.02(B)(3), the city's first assignment of error is overruled.

{¶17} The city's second assignment of error states:

2. THE TRIAL COURT ERRED WHEN IT DENIED THE CITY OF CLEVELAND'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE CITY DID NOT HAVE ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED HAZARD.

{¶18} In its second assignment of error, the city argues that the trial court erred in denying its motion for summary judgment because there was no evidence the city had notice of the alleged hazardous pothole prior to Todd's accident. As such, the city argues, it had no duty to repair the roadway, the exception in R.C. 2744.02(B)(3) does not apply, and it "retains its cloak of immunity."

{¶19} The R.C. 2744.02(B)(3) exception to immunity centers on the "negligent" failure to maintain public roads. To establish negligence, a duty, a breach of that duty, proximate cause, and damages must be shown. *See, e.g., Menifee v. Ohio Welding Prods., Inc.,* 15 Ohio St.3d 75, 84, 472 N.E.2d 707 (1984).

{¶20} The city argues that it had no duty to repair the road where Todd's accident occurred because it lacked notice of any hazardous potholes. "Where negligence revolves around the existence of a hazard or defect, a duty of reasonable care does not arise unless the defendant has notice, either actual or constructive, of such hazard or defect." *Davis v. Akron,* 9th Dist. No. 19553, 2000 Ohio App. LEXIS 843, *4 (Mar. 8, 2000), citing *Heckert,* 15 Ohio St.3d at 405; *see also Gomez*, 2012-Ohio-1642, at ¶ 7 ("A municipality's liability for damages for failing to perform the duty of alleviating faulty road conditions 'arises only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality has actual or constructive notice of its existence.'"), quoting *Cleveland v. Amato*, 123 Ohio St. 575, 9 Ohio Law Abs. 606, 176 N.E. 227 (1931); *Wilson v. Cleveland*, 8th Dist. No. 98035, 2012-Ohio-4289, ¶ 23 ("A 'municipal corporation is liable only for negligence * * * in

failing to repair, remove or guard against defects after receiving actual or constructive notice of their existence.'"), quoting *Graves v. E. Cleveland*, 8th Dist. No. 70675, 1997 Ohio App. LEXIS 326, *4 (Jan. 30, 1997).     {¶21} Thus, in order to prove the city's breach of its duty to maintain public roads, Todd would have to establish that, prior to her accident, the city had actual or constructive notice of the hazardous road conditions that allegedly caused the accident.

{¶22} In support of its constructive notice argument, the city submitted an affidavit, indicating that a search of records maintained by the city's division of streets revealed no complaints, incidences, or calls regarding potholes, chuckholes, or other hazardous conditions near the accident site for the six-and-a-half-month period prior to Todd's accident.  The city also offered deposition testimony from Todd, in which she testified that it had been "[m]aybe a year, year-and-a-half" since she had last driven on the road where she had the accident and admitted that she had no firsthand knowledge regarding how long the potholes had been in existence prior to her accident.  The city also submitted   photographs of the road conditions at the time of Todd's accident, which the city argues "do not represent anything unusual for a northeast city" and "bear out that it is something that could have been avoided."

{¶23} Todd stipulated that the city lacked actual notice of the potholes, but maintains that genuine issues of material fact exist regarding whether the city had constructive notice of the alleged deteriorating and hazardous road conditions prior to her accident.   Todd argues that based on the way in which potholes develop in Northeast

Ohio and the large-truck traffic on the road from a nearby construction project, it could be reasonably inferred that "the road condition did not occur over night." She further contends that the city should have been aware of the deteriorating road conditions because a busy city vehicle impound lot was located less than four-tenths of a mile from the site of her accident and because police officers patrolling the streets, sanitation workers, tow truck drivers, snow plow drivers, and other city workers should have driven down the road and observed the hazardous road condition at some point prior to her accident.

{¶24} A person has constructive notice of a defect when the defect existed for such a period of time that it would have been discovered in the exercise of reasonable care. *Bello v. Cleveland,* 106 Ohio St. 94, 100, 138 N.E. 526 (1922). Todd is not required by Civ.R. 56(C) to prove her case; she is required only to point out evidence in the record that demonstrates the city is not entitled to summary judgment.

{¶25} When viewing the evidence presented in this case in the light most favorable to Todd, we find that genuine issues of material fact exist regarding whether the city was negligent in failing to repair the roadway prior to Todd's accident and, specifically, whether the city had constructive notice of the hazardous road conditions prior to the accident.

{¶26} To defeat summary judgment on the issue of constructive notice, Todd needed to point to some evidence in the record

> "indicating that (1) the unsafe condition existed in such a
> manner that it could or should have been discovered by the

city, (2) the condition existed for such a length of time to have been discovered by the city, and (3) if it had been discovered, it would have created a reasonable apprehension of potential danger or an invasion of private rights." *Gomez*, 2012-Ohio-1642*,* at ¶ 7, quoting *Nanak v. Columbus*, 121 Ohio App.3d 83, 86, 698 N.E.2d 1061 (10th Dist.1997), citing *Beebe v. Toledo*, 168 Ohio St. 203, 151 N.E.2d 738 (1958), paragraph two of the syllabus.

{¶27} The materials submitted by the parties on summary judgment include several photographs of the accident scene, including photographs showing multiple potholes and deteriorating road conditions that were taken by Todd's husband on the day of the accident. The copies of the photographs in the record are of poor quality and do not allow us to see the specific size or depth of the potholes struck by Todd's vehicle.[1] However, they show the existence and location of multiple potholes and a deteriorating roadway.[2]

{¶28} The record also contains testimony from Todd regarding the road conditions

---

[1]In addition to the photographs of the accident scene that were submitted by the parties with their briefs on summary judgment, Todd appended photographs to her appellate brief showing a ruler measuring the width and depth of one of the potholes. These photographs were not offered into evidence below and should not have been appended to Todd's brief. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Accordingly, these photographs shall not be considered by this court.

[2] In an effort to establish the city's appreciation of the danger "once they [sic] had 'actual' notice of the road conditions," Todd also attached photographs to her brief in opposition to summary judgment that show the road after it had been repaired by the city following Todd's accident. This violated Evid.R. 407, which prohibits the introduction of evidence of subsequent remedial measures to prove negligence or culpable conduct. Accordingly, these photographs have not been considered in determining whether the city was entitled to summary judgment.

and sequence of events leading up to her accident. Todd testified she "saw that the road was kind of not good"; she hit one pothole and then another. Todd testified that she did not know the size or depth of the potholes, but the potholes were of sufficient size and location that when her vehicle struck them, she lost control of the vehicle and hit a utility pole. Based on the photographs from the day of the accident showing the potholes and deteriorating road conditions, Todd's testimony regarding the accident, and the proximity of the potholes to a busy city impound lot, a factfinder could reasonably infer that the roadway was unsafe and that the hazardous road condition had existed for a sufficient period of time that someone from the city with the appropriate authority or responsibility to maintain the roadway, in the exercise of reasonable care, should have driven down that road, noticed the potential danger presented by the potholes, and taken action to remedy them prior to Todd's accident. Todd has, therefore, put forth sufficient evidence demonstrating a genuine issue of fact regarding whether the city had constructive notice of the hazardous road condition prior to her accident. As such, genuine issues of material fact exist as to the applicability of the public roads exception to statutory immunity set forth in R.C. 2744.02(B)(3), and the trial court properly denied the city's motion for summary judgment.

{¶29} The city's second assignment of error is overruled.

{¶30} The city's third assignment of error states:

> 3. THE TRIAL COURT ERRED WHEN IT DENIED THE CITY OF CLEVELAND'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE ALLEGED HAZARD WAS OPEN AND OBVIOUS.

{¶31} In its third assignment of error, the city argues that trial court erred in denying its motion for summary judgment because Todd's negligence claim is barred by the open and obvious doctrine. The city argues that because Todd testified that she saw the pothole (but was just uncertain as to its size or depth), the pothole was open and obvious, and the city owed no duty to Todd as a matter of law to protect her from any danger presented by the pothole. This court lacks jurisdiction to address the city's argument based on the open and obvious doctrine.

{¶32} R.C. 2744.02(C) grants appellate courts subject matter jurisdiction to address the merits of a denial of summary judgment based upon immunity. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878. R.C. 2744.02(C) states that an order denying "a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." However, appellate review under R.C. 2744.02(C) is limited to the denial of immunity. *See, e.g., Leasure v. Adena Local School Dist.*, 4th Dist. No. 11CA3249, 2012-Ohio-3071 (citing cases). When appealing a denial of immunity under R.C. 2744.02(C), a party may not raise other alleged errors concerning the denial of summary judgment. *Id.*

{¶33} Because denial of a summary judgment motion based on the open and obvious doctrine presents an issue of common law negligence, this court does not have jurisdiction to consider the merits of such an argument until the decision becomes final. *See, e.g., Leasure, supra* (trial court's denial of summary judgment based on open and

obvious doctrine did not deny appellant the benefit of an alleged immunity; therefore, appellate court lacked jurisdiction to review it under R.C. 2744.02(C)) (citations omitted); *McGuire v. Lorain*, 9th Dist. No. 10CA009893, 2011-Ohio-3887, ¶ 2-3 (no jurisdiction to consider argument based on open and obvious doctrine).

{¶34} Accordingly, this court lacks jurisdiction to consider the city's third assignment of error.

{¶35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
MELODY J. STEWART, A.J., DISSENTS
(SEE ATTACHED OPINION)


MELODY J. STEWART, A.J., DISSENTING:

{¶36} The majority presents a puzzling analysis on the issue of constructive notice. It correctly notes that the photographs purporting to show the size and depth of the pothole that Todd's vehicle allegedly struck cannot be considered because they were added to the record on appeal. It also correctly says that the photographs that are

properly in the record are of such poor quality that they are useless in establishing the size and depth of the potholes that Todd struck. Yet despite the poor quality of these photographs, the majority says that they show "the existence and location of multiple potholes and a deteriorating roadway." The existence of other potholes in the road that Todd's car did not strike is irrelevant. If the photographs do not show the size and depth of the pothole that Todd struck, Todd has failed to show that the pothole was of sufficient size that the city was on constructive notice of its existence.

{¶37} The majority also states that the city had constructive notice of the pothole that Todd struck because the proximity of the pothole to a city impound lot was enough that "someone from the city with the appropriate authority or responsibility to maintain the roadway, in the exercise of reasonable care, should have driven down that road, noticed the potential danger presented by the potholes, and taken action to remedy them * * *." The majority does not identify who this "someone" with responsibility to maintain the roadway might be. Certainly, impound lot employees and tow truck drivers (who are independent contractors) would not have any responsibility to maintain a city street. Perhaps the majority refers to police officers going back and forth from the impound lot, but Todd offered no evidence that police officers have any responsibility to maintain city streets, so their knowledge of potholes would not be enough to put the city on notice. *Cleveland v. Payne*, 72 Ohio St. 347, 74 N.E. 177, (1905) paragraph two of the syllabus.

{¶38} Finally, it is unclear why the majority is willing to accept Todd's assertion

that the potholes develop over time when she presented no expert evidence to support the assertion that the pothole she struck had been in existence for a long enough period of time that the city had constructive notice of it. Potholes can develop instantly from heavy vehicles, and the majority's acknowledgment that the road was used by snow plows, tow trucks, and sanitation trucks would just as likely suggest that the pothole that Todd struck could have formed just prior to her hitting it. While it is true that Todd, as the nonmoving party, is entitled to all reasonable inferences for purposes of summary judgment, those inferences must be based on specific facts, not speculation. *See* Civ.R. 56(E); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). As the majority concedes, Todd failed to provide a legible photograph of the pothole, so there is simply no evidence upon which the majority can reasonably find that Todd offered evidence from which reasonable minds could believe that the pothole that she struck had been in existence long enough that the city could be charged with constructive notice. I respectfully dissent.