[Cite as *Cone v. Canton*, 2017-Ohio-8035.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RANDY R. CONE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CITY OF CANTON, ET AL. | : | Case No. 2017CA00043 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 2016CV00882


JUDGMENT:                               Affirmed


DATE OF JUDGMENT:                       September 29, 2017


APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants

ANNA C. HINES                           RICHARD A. NICODEMO
10 West Broad Street                    218 Cleveland Avenue, SW
Suite 925                               Canton, OH  44701-4218
Columbus, OH  43215-2429
                                        For Timken Company

                                        JACK B. COOPER
                                        Millennium Centre-Suite 300
                                        200 Market Avenue North
                                        P.O. Box 24213
                                        Canton, OH  44701-4213

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, City of Canton, appeals the February 15, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio denying its motion for summary judgment on the issue of sovereign immunity.  Plaintiff-Appellee is Randy Cone.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 19, 2014, appellee was operating his motor vehicle on the entrance ramp from Raff Road to U.S. 30 East when he struck a pothole, causing damages to his vehicle and his person.   The entrance ramp is maintained by the Canton Street Department.  Maintenance includes pothole repair.

{¶ 3}   On April 18, 2016, appellee filed a complaint against appellant, alleging negligence in maintaining the roadway, keeping it free from dangerous conditions and defects.  On January 12, 2017, appellant filed a motion for summary judgment, claiming immunity under R.C. Chapter 2744.  By judgment entry filed February 15, 2017, the trial court denied the motion, finding genuine issues of material fact to exist on the issue of constructive notice.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED IN DENYING THE CITY OF CANTON'S MOTION FOR SUMMARY JUDGMENT."

I

{¶ 6}   In its sole assignment of error, appellant claims the trial court erred in denying its motion for summary judgment under R.C. Chapter 2744.  We disagree.

{¶ 7}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 8}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 9}   As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986).   The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.   The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.   Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.   If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.   However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall

be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 10} In *Greene County Agricultural Society v. Liming,* 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000), the Supreme Court of Ohio explained the three tier analysis required for determining if sovereign immunity applies:

R.C. Chapter 2744 sets out the method of analysis, which can be viewed as involving three tiers, for determining a political subdivision's immunity from liability. First, R.C. 2744.02(A)(1) sets out a general rule that political subdivisions are not liable in damages. In setting out this rule, R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental and proprietary functions and states that the general rule of immunity is not absolute, but is limited by the provisions of R.C. 2744.02(B), which details when a political subdivision is not immune. Thus, the relevant point of analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply. Furthermore, if any of R.C. 2744.02(B)'s exceptions are found to apply, a consideration of the application of R.C. 2744.03 becomes relevant, as the third tier of analysis.

{¶ 11} In its April 18, 2016 complaint, appellee alleged appellant negligently maintained the entrance ramp which resulted in damages to his vehicle and person.

{¶ 12} In its January 12, 2017 motion for summary judgment, appellant argued it was immune from liability under R.C. Chapter 2744. R.C. Chapter 2744 provides immunity to political subdivisions, unless the claim falls within an enumerated exception. R.C. 2744.02(A)(1) states the following in pertinent part: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.01(C)(2)(e) specifically defines the "regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds" as a governmental function. R.C. 2744.02(B) lists the following exceptions to immunity:

Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

* * *

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political

subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. * * *

{¶ 13} Appellant argued none of the exceptions were applicable to this case, but appellee may attempt to argue the exception contained in subsection (B)(3) i.e., if appellant's "negligent failure to keep public roads in repair" resulted in the pothole that allegedly caused appellee's damages and injuries, appellee could be liable under R.C. 2744.02(B)(3).

{¶ 14} "Where negligence revolves around the existence of a hazard or defect, a duty of reasonable care does not arise unless the defendant has notice, either actual or constructive, of such hazard or defect." *Davis v. Akron,* 9th Dist. Summit No. 19553, 2000 WL 254900, *1 (Mar. 8, 2000), citing *Heckert v. Patrick,* 15 Ohio St.3d 402, 473 N.E.2d 1204 (1984).

{¶ 15} Appellant argued it did not have actual or constructive knowledge of the pothole. On the contrary, appellee argued in his response filed January 30, 2017, that appellant had constructive notice of the hazardous condition of the roadway and therefore was not immune from liability pursuant to R.C. 2744.02(B)(3).

{¶ 16} The issue then is whether a genuine issue of material fact exists as to whether appellant had constructive notice of the pothole in question.

{¶ 17} As explained by our brethren from the Eighth District in *Nanak v. Columbus,* 121 Ohio App.3d 83, 86, 698 N.E.2d 1061 (10th Dist.1997), citing *Beebe v. Toledo,* 168 Ohio St. 203, 151 N.E.2d 738 (1958), paragraph two of the syllabus:

To create a genuine issue of material fact concerning constructive notice, plaintiffs needed to set forth evidence in the trial court indicating that (1) the unsafe condition must have existed in such a manner that it could or should have been discovered, (2) the condition existed for such a length of time to have been discovered, and (3) if it had been discovered, it would have created a reasonable apprehension of potential danger or an invasion of private rights.

{¶ 18} In its summary judgment motion at 7, appellant argued "no evidence exists that the alleged pothole existed for any factually significant length of time or that Canton knew or should have known of its existence after it formed." Appellant continued, "given the fact the Raff ramp was fully inspected and repaired on May 23rd, less than one (1) month before the subject incident, June 19th, the undisputed evidence indicates that the pothole formed only shortly before that critical date." Attached to the motion were the depositions of appellee and Larry Emerick, the General Foreman of the Canton Street Department. Mr. Emerick also provided an affidavit, attesting to numerous repairs of potholes on the entrance ramp between January 11, and May 23, 2014. He also averred potholes can form within hours and how quickly a pothole forms "is largely dependent upon weather and traffic conditions." He also stated no complaints of potholes on the entrance ramp were reported after May 23, 2014.

{¶ 19} In his deposition, Mr. Emerick admitted the ramp "was horrible," and at that time of the year, potholes "just pop up. I mean, you can do one street and hit every pothole and come back two days later and there will be another hole there." Emerick

depo. at 24-25, 36. He stated street department crews frequented the entrance ramp and if any potholes were visible, they "would be out there taking care of it." *Id.* at 27-28. He stated the Street Department "patrols to see if potholes are around the city," "[m]ostly, when I'm checking on the crews, I'll come across one" and write it down on a piece of paper. *Id.* at 39.

{¶ 20} In his response at 6, appellee argued he has presented sufficient evidence to establish a large pothole formed on the entrance ramp, the pothole caused his accident, and appellant knew or should have known of the hazardous condition. Appellee argued appellant knew the condition of the entrance ramp "was horrible" and required numerous repairs prior to the incident. Attached to the response are photographs of the subject pothole taken by the Ohio State Highway Patrol four days after the incident. The photographs indicate a large, lengthy pothole surrounded by crumbling pavement, with numerous cracks on both sides of the entrance ramp. According to appellee, the pothole "was approximately 2' 1" wide, 4' 1" long and 3-5" deep." January 30, 2017 Response at 1. In his deposition at 26 and 36, appellee testified he struck the pothole while looking to his left to make sure it was safe to merge onto the highway.

{¶ 21} In its February 15, 2017 judgment entry denying the motion for summary judgment, the trial court found, "pursuant to R.C. 2744.02(B)(3), the question of whether Defendant had constructive notice of the hazardous condition, so as to breach that immunity from liability which is generally afforded government entities, is a question of material fact which exists and which precludes summary judgment in this matter." We agree with the trial court's decision. A factfinder could reasonably infer that the pothole and the conditions of the entrance ramp did not form in a very short period of time,

someone from the Street Department should have discovered the condition and taken action to repair it prior to the incident, and a pothole this size on an entrance ramp to a highway could have created a reasonable apprehension of potential danger. *See Leslie v. Cleveland,* 8th Dist. Cuyahoga No. 101771, 2015-Ohio-1833; *Davis v. Akron,* 9th Dist. Summit No. 27014, 2014-Ohio-2511; *Todd v. Cleveland,* 8th Dist. Cuyahoga No. 98333, 2013-Ohio-101*.*

{¶ 22} We distinguish the case cited by appellant, *Gomez v. Cleveland,* 8th Dist. Cuyahoga No. 97179, 2012-Ohio-1642. In *Gomez,* the plaintiff also hit a pothole and sustained injuries and damages. In support of her argument against summary judgment, the plaintiff submitted a photograph of the intersection/road in question dated nearly a year after the incident. The photograph depicted the road and orange barrels and road closure signs to demonstrate "that a great deal of road construction had taken place there." *Gomez* at ¶ 3. The *Gomez* court at ¶ 9 found the plaintiff's proof "does not suffice to show that there is any issue of material fact" and her "affidavit and photograph fail to prove that the city had actual or constructive notice of the alleged condition of the road at the time of her accident." In this case, the photographs depicted the pothole and the condition of the entrance ramp four days after the incident.

{¶ 23} Upon review, we find the trial court did not err in denying appellant's motion for summary judgment.

{¶ 24} The sole assignment of error is denied.

{¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.


EEW/sg 809