[Cite as *Simmons v. Quarry Golf Club, L.L.C.*, 2016-Ohio-525.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KEITH SIMMONS, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2015CA00143, 2015CA00148 |
| THE QUARRY GOLF CLUB, LLC,<br>ET AL. | |
| | O P I N I O N |
| Defendants-Appellees | |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Common
                              Pleas Court, Case No. 2014CV02312


JUDGMENT:                     Reversed and Remanded


DATE OF JUDGMENT ENTRY:       February 9, 2016


APPEARANCES:

For Plaintiff-Appellant                For Defendants-Appellees
Keith Simmons                          Quarry Golf Club, LLC, Et Al.

ALLEN SCHULMAN                         JAMES J. REAGAN
STACIE L. ROTH                         Staff Counsel for the Cincinnati Ins. Co.
Allen Schulman & Associates            50 South Main St.
236 Third Street, SW                   Suite 615
Canton, Ohio 44702                     Akron, Ohio 44308


For Plaintiff-Appellant
Rhonda Simmons

BRIAN L. ZIMMERMAN
229 Third Street, NW, Suite 200
Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}**   In Stark County App. Case No. 2015CA00143, plaintiff-appellant Keith Simmons appeals the July 28, 2015 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees the Quarry Golf Club, LLC, et al.  In Stark County App. Case No. 2015CA00148, plaintiff-appellant Rhonda Simmons appeals the same entry with respect to her loss of consortium claim.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   Appellees own the Quarry Golf Course located in Canton, Ohio. The golf course was constructed in 2005, and opened in the fall of 2006.  The original layout of the golf course included a bunker, or sand trap, on hole #4.  A drain was placed on the outside perimeter of the bunker in order to prevent the sand from eroding.  The drain inlet was 12 inches wide, and approximately 30 inches deep, and was covered with a cast iron lid.  The bunker at hole #4 was eliminated in 2007.  The bunker area was converted into a rough.  In doing so, the sand was removed, the soil was roughed, and native grasses were planted.  With the passing of a number of years, the area where the bunker had been located became a natural rough with grass growing nearly waist high.  Appellees no longer maintained the area.

**{¶3}**   On July 19, 2011, Appellant Keith Simmons, who golfed two to three times per week, was playing at the golf course in his weekly league.  Jeff Moon was Appellant Keith Simmons' playing partner that day.  At hole #4, Moon hit his drive to the right off the tee and into the natural rough area described above.  Appellant Keith Simmons went into the rough to help search for Moon's ball.  After several minutes, Appellant Keith Simmons

found Moon's ball. As Appellant Keith Simmons proceeded to return to the golf cart, he stepped into the uncovered drain. Moon later testified Appellant Keith Simmons did not trip or fall over and go down, rather "[h]e just disappeared...went straight down in the hole." Deposition of Jeffrey Moon at 22. Moon added, "His leg, from the crotch, all the way down, was in the hole." *Id.* Appellant Keith Simmons required assistance to get out of the drain hole. As a result of the incident, Appellant Keith Simmons suffered injuries to his shoulder, leg, and back.

{¶4} Appellants filed a Complaint against the Quarry Lake Golf Club on July 11, 2013. Appellants subsequently amended the complaint to name Appellees the Quarry Golf Club and GGP Development Co. - The Quarry Golf Club, LLC as the defendants. Appellees filed a timely answer to the amended complaint. Appellants later voluntarily dismissed the case without prejudice.

{¶5} On October 6, 2014, Appellant Keith Simmons refiled the Complaint in Stark County Court of Common Pleas Case No. 2014-CV-02312. Appellees filed a timely answer. On November 11, 2014, Appellant Rhonda Simmons, through separate counsel, filed a motion to intervene as a party plaintiff. The trial court granted Appellant Rhonda Simmons' motion to intervene on December 2, 2014. Appellant Rhonda Simmons filed her intervening complaint on December 19, 2014. Appellees filed a timely answer to the intervening complaint.

{¶6} Appellees filed a motion for summary judgment on June 2, 2015, arguing the doctrine of primary assumption of the risk barred Appellants' claims. Appellees further argued, even if Appellants' claims were not barred by the doctrine of the primary assumption of the risk, Appellants could not prove Appellees were responsible for the

missing drain cover or Appellees knew the cover was missing.  Appellant Keith Simmons filed a memorandum contra.  Appellant Rhonda Simmons did not file a responsive brief. Appellees filed a reply in support of summary judgment.

{¶7}  Via Entry filed July 28, 2015, the trial court granted summary judgment in favor of Appellees.  The trial court found "the fact that a ball may take flight in an unintended direction and end up in an area off of the golf course is a risk inherent to the sport."  July 28, 2015 Entry at 4.[1]  The trial court concluded Appellant Keith Simmons assumed the risk by searching for the golf ball which was buried in the grass in an area which was unmaintained by Appellees.  The trial court further found, even if the primary assumption of the risk doctrine did not apply, Appellees were still entitled to summary judgment as Appellants failed to establish Appellees knew or should have known the uncovered drain hole existed or Appellees were responsible for the missing drain cover.

{¶8}  It is from this Judgment Entry, Appellants appeal.  In Stark County App. Case No. 2015CA00143, Appellant Keith Simmons raises the following as error:

{¶9}  I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THAT THE PRIMARY ASSUMPTION OF THE RISK DOCTRINE APPLIED TO RELIEVE APPELLEE FROM LIABILITY.

{¶10}  II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THE APPELLEE DID NOT BREACH ITS DUTY TO APPELLANT, WHEN GENUINE ISSUES OF MATERIAL FACT REMAINED AS TO WHETHER APPELLEE

---

[1] While being struck by a golf ball hit in an unintended direction is an inherent risk while participating in the game of golf, the act of hitting a golf ball in an unintended direction is not a "risk" inherent to the sport, but rather is a frequent occurrence which rarely results in injury.

FAILED TO INSPECT ITS GOLF COURSE TO DISCOVER DANGEROUS CONDITIONS; AND WHETHER APPELLEE SHOULD HAVE KNOWN THAT AN UNCOVERED DRAIN EXISTED.

{¶11} III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING APPELLEE DID NOT BREACH ITS DUTY TO APPELLANT, WHEN GENUINE ISSUES OF MATERIAL FACT REMAINED AS TO WHETHER APPELLEE WAS RESPONSIBLE FOR THE MISSING DRAIN COVER.

{¶12} In Stark County App. No. 2016CA00148, Appellant Rhonda Simmons adopts the assignments of error raised by Appellant Keith Simmons.

SUMMARY JUDGMENT

{¶13} Civ. R. 56 states in pertinent part:

{¶14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶15}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 424 N.E.2d 311. The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 474 N.E.2d 271. A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (6th Dist.1999), 135 Ohio App.3d 301, 733 N.E.2d 1186.

**{¶16}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

**{¶17}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle* (12th Dist. 1991), 75 Ohio App.3d 732, 600 N.E.2d 791.

I

{¶18} In their first assignment of errors, Appellants contend the trial court erred in granting summary judgment in favor of Appellees based upon a finding the doctrine of primary assumption of the risk barred Appellants' claims. We agree.

{¶19} In order to establish a cause of action for negligence, a plaintiff must demonstrate (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered injury proximately caused by the defendant's breach of duty. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. When a defendant shows, however, the plaintiff assumed the risk of injury through participating in an inherently dangerous activity, the duty of care is eliminated. *Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 431, 659 N.E.2d 1232. Primary assumption of risk is a defense of extraordinary strength because it essentially means "that no duty was owed by the defendant to protect the plaintiff from that specific risk," so a "court must proceed with caution when contemplating whether primary assumption of risk completely bars a plaintiff's recovery." *Id.*

{¶20} In Ohio, the doctrine of primary assumption of risk applies to recreational or sport activities. "Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either 'reckless' or 'intentional' as defined in [2 Restatement of the Law 2d, Torts, Section 500, and 1 Restatement of the Law 2d, Torts, Section 8A (1965) ]." *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699, syllabus. "Primary assumption of the risk relieves a recreation provider from any duty to eliminate the risks that are inherent in the activity * * * because such risks

cannot be eliminated." *Whisman v. Gator Invest. Properties, Inc.,* 149 Ohio App.3d 225, 236, 2002–Ohio–1850 (1st Dist.). "The types of risks associated with [an] activity are those that are foreseeable and customary risks of the * * * recreational activity." *Pope v. Willey,* Clermont App. No. CA2004–10–077, 2005–Ohio–4744, ¶ 11.

**{¶21}** The test for applying the doctrine of primary assumption of the risk to recreational activities and sporting events requires: (1) the danger is ordinary to the game; (2) it is common knowledge the danger exists; and (3) the injury occurs as a result of the danger during the course of the game. *Santho v. Boy Scouts of Am.,* 168 Ohio App.3d 27, 857 N.E.2d 1255, 2006–Ohio–3656, ¶ 12

**{¶22}** The trial court found Appellant Keith Simmons primarily assumed the risk by searching for the golf ball which was buried in the grass in an area unmaintained by Appellees. The trial court further found searching for one's golf ball in the rough is inherent to the game. In the game of golf, the average player does not always hit the ball in a straight flight. And, much to this writer's chagrin, the ball does not always go where the golfer intends or hopes for it to go –often into the rough. While we agree with the trial court there are inherent risks associated with playing golf (such as being hit by an errant shot by another golfer) as well as inherent risks associated with walking into a natural rough area to search for a stray ball, we find falling into a large uncovered drain hole is not one of the foreseeable or inherent risks of the game of golf nor is it a danger ordinary to or which commonly exists in the game of golf. One may foresee a rabbit hole in a natural area, but not an uncovered drain hole. Because Appellant Keith Simmons' fall into the drain hole was not foreseeable or an inherent risk of the game, we find the trial

court erred in finding Appellants' claims were barred by the doctrine of primary assumption of the risk doctrine.

**{¶23}** Appellants' first assignment of error is sustained.

II, III

**{¶24}** In their second assignments of error, Appellants assert the trial court erred in granting summary judgment in favor of Appellees based upon its finding Appellees did not breach its duty to Appellant Keith Simmons as genuine issues of material fact remain as to whether Appellees inspected the golf course to discover dangerous conditions and whether Appellees should have known the uncovered drain existed.   In their final assignments of error, Appellants maintain the trial court erred in granting summary judgment in favor of Appellees based upon its finding Appellee did not breach its duty to Appellant Keith Simmons as genuine issues of material fact remain as to whether Appellees were responsible for or had constructive knowledge of the missing drain cover. We agree.

**{¶25}** A property owner owes its business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc.* (1985)*,* 18 Ohio St.3d 203, 480 N.E.2d 474. The owner "must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precaution to protect the invitee from dangers which are foreseeable from the arrangement or use." *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 52, 372 N.E.2d 335.

**{¶26}** In a premises-liability action, the plaintiff can prove the defendant's breach of duty by establishing that (1) the defendant, through its officers or employees, was

responsible for the hazard; (2) the defendant had actual knowledge of the hazard and neglected to promptly remove it or give adequate notice of its presence; or (3) the hazard existed for a sufficient length of time to reasonably justify the inference that the failure to remove it or warn against it was attributable to a lack of ordinary care. *Johnson v. Wagner Provision Co.* (1943)*,* 141 Ohio St. 584, 589, 49 N.E.2d 925.

**{¶27}** The record reveals when the golf course was originally constructed in 2005, a bunker was located at hole #4. In order to prevent sand erosion, a drain was installed on the perimeter of the bunker. After the bunker was eliminated in 2007, Appellees transformed the area into what was described as a deep rough, but the drain was never removed or filled in. Appellees were aware the drain remained in the area. Appellees acknowledged the drain covers throughout the course would dislodge periodically. Although Appellees did a visual inspection of the course each day, Appellees admitted a check of the drains was not routinely conducted, and could not recall the date of the last inspection of the drain at hole #4. Appellees conceded an uncovered drain hole was a hidden dangerous condition.

**{¶28}** We find a genuine issue of material fact exists as to whether Appellees knew or should have known the hazardous condition at hole #4 existed. Appellees created the condition which caused Appellant Keith Simmons' injuries. Appellees are aware golfers will wander into the rough to retrieve balls. Accordingly, we find the trial court erred in granting summary judgment to Appellees upon a finding Appellees did not owe a duty to Appellants to keep the golf course free of hazardous conditions as well as a duty to inspect the course to discover any such conditions.

**{¶29}** Appellants' second and third assignments of error are sustained.

{¶30} The judgment of the Stark County Court of Common Pleas is reversed, and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur