[Cite as *Bieber v. Perry Cty. Bd. of Commrs.*, 2020-Ohio-3996.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LARRY BIEBER | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019 CA 00016 |
| | : | |
| PERRY COUNTY BOARD OF | : | |
| COMMISSIONERS, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Perry County Court of
Common Pleas, Case No. 18-CV-00124

JUDGMENT:                            AFFIRMED

DATE OF JUDGMENT ENTRY:       August 5, 2020

APPEARANCES:

For Plaintiff-Appellee:                         For Defendants-Appellants:

DONALD J. KRAL                                MARK LANDES
RONALD E. STUMP                              AARON M. GLASGOW
2550 Corporate Exchange Dr., Ste. 101          2 Miranova Place, 7th Floor
Columbus, Ohio 43231                          Columbus, OH 43215

*Delaney, J.*

{¶1}  Defendants-Appellants Perry County Board of Commissioners and Perry County appeal the October 10, 2019 judgment entry of the Perry County Court of Common Pleas denying its motion for summary judgment.

**FACTS AND PROCEDURAL HISTORY**

**The Accident**

{¶2}  On September 25, 2017, Plaintiff-Appellee Larry Bieber and his friend, Rob Wilson were riding their motorcycles near the Village of Thornville, Perry County, Ohio. The weather conditions were clear and dry. Around 2:50 p.m., Bieber and Wilson were riding eastbound on County Road 30 (also known as Zion Road) between State Route 13 and the Village of Thornville. Bieber and Wilson were riding almost parallel to each other in the same lane, with Wilson close to the center line and Bieber close to the right edge line. It was the first time Bieber or Wilson had been on County Road 30.

{¶3}  Bieber was riding at approximately 30 mph when the front wheel of his 48 Harley Davidson 1200 motorcycle hit a pothole and then hit a second pothole. The potholes were in a line and located close to the white edge line. The impact of the pothole caused the brakes on Bieber's motorcycle to lock, the motorcycle slid, and Bieber lost control of the bike. The motorcycle slid off the side of the road and flipped on top of Bieber, causing a compound fracture in Bieber's leg.

{¶4}  Thomas Dempsey, retired Fire Captain for the City of Lancaster Fire Department, was driving westbound on County Road 30 and witnessed Bieber's accident. He saw front tire of Bieber's motorcycle go down into the pothole and Bieber lose control of the motorcycle. Dempsey's daughter called 911 while he assisted Bieber after the

accident. Bieber was taken from the accident scene by a helicopter to the hospital, where he required surgery and rehabilitation.

**The Potholes**

{¶5}   The two potholes that caused Bieber's accident were located on County Road 30 in Perry County. Bieber and Wilson had never ridden on County Road 30 before September 25, 2017, so they were not aware of the potholes. At the scene of the accident, a farmer told Wilson that the potholes had been there for a while.

{¶6}   Dempsey, who was driving on County Road 30 at the time of the accident, was aware of the existence of the potholes. He drove on County Road 30 for seven years, sometimes two to three times a day, because he transported his daughter to the nearby high school. Dempsey testified:

Q. And had you – Do you have any idea of how deep those potholes were?

A. All I know – and I don't know how long they had been there, but they had been there for a while. And it's like anybody else that drives a road enough, they know what to swerve around to miss the potholes. I knew they were bad enough potholes that if – I was worried that if I hit them that I could take whatever to my tires whatever, I believe.

Q. So when you went down this road taking your daughter to and from school and making other trips, what would you do when you approached the pothole?

A. Swerved over towards the northbound lane to take it so I would miss them.

Q. And I know you don't know the exact – how long they were there. But prior to the accident, do you have any estimate as to how long those potholes had been there?

* * *

A. Oh, weeks to months.

Q. More than one month?

A. Can't answer that. I mean, I know that they had been there a while. At this point, they had been there were a while, and I remember thinking they had been there a while.

Q. So several weeks then?

A. Oh yes.

(Dempsey Depo., 20-21). Dempsey never called the Perry County Engineer to report the potholes prior to or after the accident.

**The Perry County Engineer**

{¶7}   By statute, Perry County is responsible for the maintenance and repair of all county roads within the county. *See* R.C. 5571.15(A). The Perry County Engineer, Kenton C. Cannon oversees the maintenance of the roadways in Perry County. He is assisted by an Assistant Engineer, two Road Superintendents, and highway workers. Cannon and his Road Superintendents meet in the morning and afternoon to discuss the daily assignments for road work crews. The Road Superintendents assign the daily work to the highway workers.

{¶8}   The Perry County Engineer does not conduct regularly scheduled inspections of the county roads. Instead of scheduled inspections, the Engineer and Road

Superintendents drive the county roads every day; it takes three to four weeks to drive on the 320 miles of county roads. The highway workers are to report any road conditions they see that need to be fixed.

{¶9}   The Engineer also relies on the public to inform the department of road conditions. If there is a complaint regarding a pothole or brush in the road, the Road Superintendent will review the complaint and the highway worker will make the patch the hole or cut the brush, if necessary. If there is a report of a severe pothole, Harper responds immediately.

{¶10} The Road Superintendent assigns highway workers jobs pursuant to the Daily Work Schedule. On July 25, 2017 and July 16, 2017, two highway workers were assigned to mow and cut weeds on County Road 30, which included the section of road where the accident occurred. County Road 30 is approximately three miles long, with part of the road running through the Village of Thornville. The two highway workers did not report any potholes on County Road 30 requiring repair.

{¶11} On July 13, 2017, the Perry County Commissioners adopted a contract for repaving county roads, including the section of County Road 30 where the accident occurred. The Commissioners bid the repaving contract in January to April 2017. In preparing the contract, the Engineer did not prepare a report or pictures of the roads. He made a list of the roads to be repaved, which included the section of County Road 30 because it was connected to another road to be repaved. The repaving contractor was approved to begin repaving on August 1, 2017. The final invoice for the repaving was submitted on November 30, 2017. The Engineer did not know when the section of County Road 30 was repaved.

{¶12} Prior to September 25, 2017, the Perry County Engineer nor the department's employees were aware of the potholes that caused Bieber's accident. There was no record of the potholes being reported to the Engineer's department by the public. The department highway workers did not report the potholes to the Engineer. The Perry County Engineer first became aware of the potholes on October 27, 2017, when counsel for Bieber emailed the department to inform them of the accident. After learning of the accident, the Perry County Engineer did not examine the potholes on County Road 30.

### The Complaint

{¶13} On June 1, 2018, Bieber filed a complaint for personal injury against Defendants-Appellants Perry County Board of Commissioners, Perry County, John Doe #1 (County Employee), and John Doe #2 (County Employee). In his complaint he alleged:

On and before September 25, 2017, Defendants Perry County, Perry County Board of Commissioners, and John Does #1 and #2, were negligent in inspecting, maintaining, and repairing County Road 30 in Thorn Township, Perry County, Ohio, so that potholes in County Road 30 were not repaired and/or filled, thereby creating an unsafe, dangerous, and hazardous condition on the roadway for the motoring public, including Plaintiff, Larry Bieber.

On and before September 25, 2017, Defendants Perry County, Perry County Board of Commissioners, and John Does # 1 and #2, had actual and/or constructive notice of the unsafe, dangerous, and hazardous condition of potholes on County Road 30, in Thorn Township, Perry County, Ohio including the location where Plaintiff, Larry Bieber, was injured.

Notwithstanding the actual and/or constructive notice of the unsafe, dangerous, and hazardous condition of County Road 30, Thorn Township, Perry County, Ohio, as a result of the potholes, Defendants Perry County, Perry County Board of Commissioners, and John Does # 1 and #2, negligently failed to repair and remedy these potholes.

{¶14} The case was assigned to a visiting judge on July 11, 2018.

{¶15} On October 22, 2018, Bieber dismissed the John Doe defendants.

{¶16} Perry County filed a motion for summary judgment on July 30, 2019. In its motion, Perry County argued it had no actual or constructive knowledge of the potholes; there was no evidence it negligently failed to inspect for road conditions; and Perry County was immune from Bieber's claims under R.C. 2744.03(A)(5).

{¶17} Bieber filed his response to the motion for summary judgment. He argued there were genuine issues of material fact whether Perry County had constructive notice of the potholes and whether it was entitled to immunity. On August 16, 2019, Bieber filed the affidavit and report by his expert, Robert Burch. Photos of the potholes were taken after the accident and before County Road 30 was repaved. Based on the depositions and photographs, Burch opined the potholes existed for at least one month before the accident and were approximately five inches deep.

{¶18} On August 19, 2019, Perry County filed a motion to strike Bieber's expert report for his failure to abide by the discovery orders. Perry County argued Bieber did not disclose his expert during the discovery period. Bieber responded to the motion and the trial court set the matter for a non-oral hearing on October 3, 2019.

{¶19} On October 10, 2019, the trial court issued its judgment entry denying Perry County's motion for summary judgment. The trial court did not issue a judgment entry as to Perry County's motion to strike Bieber's expert report.

{¶20} Perry County filed its notice of appeal on October 23, 2019 pursuant to R.C. 2744.02(I).

**ASSIGNMENT OF ERROR**

{¶21} Perry County raises one Assignment of Error:

{¶22} "THE TRIAL COURT ERRED BY FAILING TO GRANT SUMMARY JUDGMENT TO DEFENDANT-APPELLANTS PERRY COUNTY BOARD OF COMMISSIONERS AND PERRY COUNTY, AS DEFENDANT-APPELLANTS ARE IMMUNE OF PLAINTIFF-APPELLEE UNDER R.C. § 2744.02(A) AND R.C. § 2744.03(A)."

**ANALYSIS**

{¶23} Perry County argues in its sole Assignment of Error that the trial court erred when it denied its motion for summary judgment, finding Perry County was not entitled to immunity pursuant to R.C. 2744.03. The denial of a motion for summary judgment is ordinarily not a final, appealable order; however, R.C. 2744.02(C) provides that an order denying a political subdivision the benefit of an alleged immunity from liability is a final order. Our review is limited to the errors in the portion of the trial court's decision that denied the political subdivision the benefit of immunity. This Court lacks jurisdiction to address any other interlocutory rulings the trial court made. *Elias v. City of Akron*, 9th Dist. Summit No. 29107, 2020-Ohio-480, ¶ 8.

**Standard of Review**

{¶24} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶25} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶26} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶27} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

### Political Subdivision Immunity

{¶28} Perry County argues it is entitled to judgment as a matter of law on Bieber's complaint for personal injury based on governmental immunity. R.C. 2744.02 establishes governmental immunity for political subdivisions and their employees: " * * * [a] political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶29} A three-tiered analysis is required to determine whether a political subdivision is immune from tort liability pursuant to R.C. 2744. *Gattrell v. Utica*, 2016-Ohio-792, 63 N.E.3d 461, ¶¶ 36-37 (5th Dist.) citing *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556–557, 733 N.E.2d 1141 (2000); *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 13–15. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental or a proprietary function. *Greene Cty. Agricultural Society*, at 556–557, 733

N.E.2d 1141; R.C. 2744.02(A)(1). That immunity, however, is not absolute. R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 697 N.E.2d 610 (1998). "The second tier of the analysis requires a court to determine whether any of the five listed exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Id.* The third tier is to determine whether the political subdivision is entitled to a defense or qualified immunity under R.C. 2744.03(A). *Vasquez-Comer v. City of Toledo*, 6th Dist. Lucas No. L-18-1266, 2019-Ohio-5149, ¶ 9.

### Political Subdivision and Governmental Function

{¶30} In this case there is no dispute that Perry County is a political subdivision. It is also undisputed that Perry County has a governmental function to maintain and repair public roads within its borders. R.C. 2744.01(C)(2)(e) and 2744.01(H). *Vasquez-Comer*, ¶ 11. The parties agree that the section of County Road 30 where the accident occurred is a public road located within the borders of Perry County. Therefore, pursuant to R.C. 2744.02(A)(1), Perry County is entitled to immunity from liability from damages in Bieber's civil action for injury or loss allegedly caused by any act or omission of Perry County in connection with the governmental function to maintain and repair public roads within its borders.

### Exceptions to Immunity

{¶31} Under the three-tiered analysis, we must next determine if, despite Perry County's immunity, any of the exceptions under R.C. 2744.02(B) apply and if any defense in that section protects Perry County from liability. Bieber contends Perry County is liable pursuant to R.C. 2744.02(B)(3) for its negligent failure to keep County Road 30 in repair,

resulting in the potholes that allegedly caused Bieber's injuries. R.C. 2744.02(B)(3) states:

> (3) Except as otherwise provided in section 3746.24 of the Revised Code,
> political subdivisions are liable for injury, death, or loss to person or property
> caused by their negligent failure to keep public roads in repair and other
> negligent failure to remove obstructions from public roads, except that it is
> a full defense to that liability, when a bridge within a municipal corporation
> is involved, that the municipal corporation does not have the responsibility
> for maintaining or inspecting the bridge.

{¶32} To prove negligence, Bieber has the burden to establish: (1) a duty of care by Perry County to Bieber, (2) breach of that duty, and (3) injury proximately caused from the breach. *Vasquez-Cromer v. City of Toledo*, 6th Dist. Lucas No. L-18-1266, 2019-Ohio-5149, 2019 WL 6817388, ¶ 16 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). "Where negligence revolves around the existence of a hazard or defect, a duty of reasonable care does not arise unless the defendant has notice, either actual or constructive, of such hazard or defect." *Cone v. City of Canton*, 5th Dist. Stark No. 2017CA00043, 2017-Ohio-8035, 2017 WL 4350971, ¶ 14 quoting *Davis v. Akron*, 9th Dist. Summit No. 19553, 2000 WL 254900, *1 (Mar. 8, 2000), citing *Heckert v. Patrick*, 15 Ohio St.3d 402, 473 N.E.2d 1204 (1984).

{¶33} In *Cone v. City of Canton*, 5th Dist. Stark No. 2017CA00043, 2017-Ohio-8035, we examined constructive notice:

> As explained by our brethren from the Eighth District in *Nanak v. Columbus*,
> 121 Ohio App.3d 83, 86, 698 N.E.2d 1061 (10th Dist.1997), citing *Beebe v.*

*Toledo*, 168 Ohio St. 203, 151 N.E.2d 738 (1958), paragraph two of the

syllabus:

To create a genuine issue of material fact concerning constructive notice, plaintiffs needed to set forth evidence in the trial court indicating that (1) the unsafe condition must have existed in such a manner that it could or should have been discovered, (2) the condition existed for such a length of time to have been discovered, and (3) if it had been discovered, it would have created a reasonable apprehension of potential danger or an invasion of private rights.

*Id.* at ¶ 17

{¶34} Bieber argues on appeal that when the trial court denied Perry County's motion for summary judgment, the trial court correctly determined there was a genuine issue of material fact whether Perry County had constructive notice of the road conditions on County Road 30. Upon our review of the Civ.R. 56 evidence in a light most favorable to Bieber, the non-moving party, we agree there are genuine issues of material fact as to whether Perry County had notice of the potholes on County Road 30.

{¶35} Perry County argued in its motion for summary judgment that Bieber could not establish negligence because it did not have actual or constructive notice of the potholes on County Road 30. "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Current v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 18AP-793, 2020-Ohio-1247, 2020 WL 1528434, ¶ 8 citing *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. Actual notice exists where the

information was personally communicated to or received by the party. *Id.* "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.*, citing *In Re Estate of Fahle*, 90 Ohio App. 195, 197, 105 N.E.2d 429 (6th Dist.1950). In its motion for summary judgment, Perry County relied upon the depositions of the Perry County Engineer, Kenton Cannon and the Perry County Road Superintendent, Carl Harper to establish that Perry County did not have actual or constructive notice of the potholes before Bieber's accident.

### Actual Notice

{¶36} Perry County first argues the Civ.R. 56 evidence establishes there is no issue of fact that it did not have actual notice of the potholes on County Road 30. Cannon and Harper both testified that Perry County had not received any complaints about potholes on County Road 30 prior to the September 25, 2017 accident. Cannon, Harper, and Darren Rambo (Perry County Road Superintendent) traveled the Perry County roads every day for inspection purposes, covering all county roads within a three to four-week period. During their travels, they testified they did not discover the potholes on County Road 30. Two highway workers were assigned to mow and cut weeds on County Road 30 in July 2017 and they did not report any potholes. Cannon and Harper testified that Perry County was not aware of the existence of the potholes until Bieber's attorney contacted the county in October 2017.

### Constructive Notice

{¶37} Perry County next argues that it did not have constructive notice of the potholes on County Road 30. "There is constructive knowledge where the nuisance existed in such a way that it could or should have been discovered, that it existed for a

sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger." *Gomez v. Cleveland*, 8th Dist. Cuyahoga No. 97179, 2012-Ohio-1642, 2012 WL 1252632, ¶ 7 quoting *Kertesz v. Fulton County*, 6th Dist. Fulton No. F-05-026, 2006-Ohio-3178, ¶ 20.

{¶38} In this case, a genuine issue of material fact as to constructive notice is established by the testimony of Thomas Dempsey. Dempsey witnessed the accident on September 25, 2017, as he was driving on County Road 30. He stated he traveled County Road 30 at least twice a day for seven years and was aware of the existence the potholes that caused the accident. When shown a photograph of the potholes, he recognized them as how they looked on the day of the accident. (Dempsey Depo., 20). Dempsey did not know exactly how long the potholes had existed, but knew they had been on County Road 30 for several weeks:

Q. And I know you don't know the exact – how long they were there. But prior to the accident, do you have any estimate as to how long those potholes had been there?

* * *

A. Oh, weeks to months.

Q. More than one month?

A. Can't answer that. I mean, I know that they had been there a while. At this point, they had been there were a while, and I remember thinking they had been there a while.

Q. So several weeks then?

A. Oh yes.

(Dempsey Depo., 21)

{¶39} Dempsey knew the road well enough that he swerved around the potholes because he was afraid the potholes would damage his tires:

A. All I know – and I don't know how long they had been there, but they had been there for a while. And it's like anybody else that drives a road enough, they know what to swerve around to miss the potholes. I knew they were bad enough potholes that if – I was worried that if I hit them that I could take whatever to my tires whatever, I believe.

Q. So when you went down this road taking your daughter to and from school and making other trips, what would you do when you approached the pothole?

A. Swerved over towards the northbound lane to take it so I would miss them.

(Dempsey Depo., 20-21).

{¶40} Dempsey knew of the potholes and had a reasonable apprehension that if he hit the potholes, they could damage his car. In support of his argument there was a genuine issue of material fact as to constructive notice, Bieber presented the expert report from Robert Burch.[1] Burch opined that based on the multiple levels of asphalt, the potholes had been present for at least one month.

---

[1] Perry County objected to Burch's expert report as being provided outside the discovery guidelines but the trial court did not rule on the motion before it denied Perry County's motion for summary judgment. We have held that a trial court's failure to rule on a motion is normally deemed to be a denial of that motion for purposes of appellate review. *Hollenbaugh v. Hollenbaugh*, 5th Dist. Delaware No. 13CAF070056, 2014–Ohio–1124, ¶ 36 citing *Capital One Bank (USA), N.A. v. Rodgers*, 5th Dist. Muskingum No. CT2009–0049, 2010–Ohio–4421, ¶ 13. Whether or not the expert report is admissible is not before this Court because it was not raised as an Assignment of Error and it is outside of our review of governmental immunity; therefore, for purposes of this appeal, we will consider Burch's expert report.

{¶41} Cannon and Harper testified they conducted daily driving inspections of all Perry County roads within three to four weeks. Dempsey and Burch testified the potholes on County Road 30 had been in existence for several weeks to a month. Dempsey testified the potholes were severe enough to require him to swerve his vehicle to avoid them or possibly suffer damage to his tires. It could be argued that based on at least the testimony of Dempsey, a factfinder could reasonably infer that the potholes did not develop in a short period of time, someone in Perry County should have discovered the potholes and taken action to repair the potholes before September 2017, and the potholes could have created a reasonable apprehension of potential danger. The trial court did not err when it determined there is a genuine issue of material fact whether Perry County had constructive notice of the potholes on County Road 30 that allegedly caused Bieber's accident.

## R.C. 2744.03(A)(5) Defense

{¶42} Perry County argues if the Court finds it could be liable under the negligence exception to immunity in R.C. 2744.02(B)(3), Perry County asserts a defense pursuant to R.C. 2744.03(A)(5) to revive its immunity. R.C. 2744.03(A)(5) states:

> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶43} Perry County argued in its motion for summary judgment that the timing of its decision to repave County Road 30 after September 2017 was an exercise of its discretion for which it is entitled to immunity. On appeal, Perry County refined its argument under R.C. 2744.03(A)(5) to contend that the issue of "constructive notice" was "just another way of saying that Perry County should have inspected more often to find and repair potholes." (Appellant's Brief, p. 8). Bieber's complaint for personal injury stated Perry County was negligent in inspecting, maintaining, and repairing County Road 30, so that potholes in County Road 30 were not repaired and/or filled, thereby creating an unsafe, dangerous, and hazardous condition on the roadway for the motoring public, including Bieber. Bieber's argument, according to Perry County's interpretation, was that Perry County should have dedicated more governmental resources to inspecting roads and repairing potholes, which Perry County contends are exercises of judgment and discretion shielded from liability under R.C. 2744.03(A)(5).

{¶44} "The R.C. 2744.03(A)(5) discretionary defense extends only to activities that involve weighing alternatives or making decisions that involve a 'high degree of official judgment or discretion'." *McCormick v. Flaugher*, 5th Dist. Richland No. 2019 CA 0094, 2020-Ohio-2686, 2020 WL 2042933, ¶ 20 quoting *Leasure v. Adena Local Sch. Dist.*, 4th Dist. App. No. 11CA3249, 2012-Ohio-3071, ¶ 31, citing *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.*, 6 Ohio St.3d 31, 451 N.E.2d 228 (1983), paragraph two of the syllabus. "Thus, political subdivisions are immune from liability for certain acts which go to the essence of governing, i.e., conduct characterized by a high degree of discretion and judgment in making public policy choices." *Id.* (Citations and internal quotations omitted.) The "exercise of judgment and discretion" contemplated by R.C. 2744.03(A)(5)

does not apply to every decision a political subdivision makes. *Mathews v. Waverly*, 4th Dist. No. 08CA787, 2010-Ohio-347, ¶ 45. "[R]outine decisions requiring little judgment or discretion and that, instead, portray inadvertence, inattention, or unobservance, are not covered by the defense provided in R.C. 2744.03(A)(5)." *Hubbell v. Xenia*, 175 Ohio App.3d 99, 2008-Ohio-490, 885 N.E.2d 290 (2nd Dist.). As this Court noted in *McCormick*, "R.C. 2744.03(A)(5) is not to be interpreted so broadly as to encompass every choice between alternative courses of conduct". *McCormick, supra* at ¶ 32. Courts must construe the R.C. 2744.03(A)(5) discretionary defense narrowly.

{¶45} The Ohio Supreme Court has stated, "Overhanging branches and foliage which obscure traffic signs, malfunctioning traffic signals, signs which have lost their capacity to reflect, or even physical impediments such as potholes, are easily discoverable, and the elimination of such hazards involves no discretion, policy-making or engineering judgment. The political subdivision has the responsibility to abate them and it will not be immune from liability for its failure to do so." *Miller v. State*, 10th Dist. Franklin No. 13AP-849, 2014-Ohio-3738, 2014 WL 4245913, ¶ 33 quoting *Franks v. Lopez*, 69 Ohio St.3d 345, 349, 632 N.E.2d 502 (1994).

{¶46} Reasonable minds could conclude that the filling of two potholes is a routine maintenance decision requiring little judgment or discretion outside of R.C. 2744.03(A)(5). First, the Civ.R. 56 evidence shows that Perry County did not exercise any judgment or discretion as to the two potholes on County Road 30 because it has maintained it was not aware of the two potholes. Kenton Cannon and Carl Harper testified that they inspected the county roads every day and it took three to four weeks to drive all county roads. During their inspections, they did not observe any potholes on County Road 30 requiring repair.

Two highway workers worked on County Road 30 in July 2017. They did not notify the road department of any potholes requiring repair. Perry County did not receive any complaints from the public about the two potholes on County Road 30. Further, the choice to repave County Road 30 was not based on an inspection of County Road 30, but because it was connected to another road scheduled for repaving. While Perry County argues it is entitled to immunity for its judgment or discretion in determining how to use equipment or facilities, there is no Civ.R. 56 evidence that Perry County employees used their judgment or discretion in determining how to use its equipment or facilities as to County Road 30.

{¶47} Second, the procedures for filling a pothole do not demonstrate weighing alternatives or making decisions that involve a high degree of official judgment or discretion. Carl Harper testified that if there is a complaint of a pothole, from the public or by inspection, Harper will first discuss it with Kenton Cannon, Harper will next check out the pothole himself, and if necessary, Harper will finally send a highway worker to patch the pothole. If it is a severe pothole, Harper will respond immediately and fill the pothole. (Harper Depo., 17-18).

{¶48} In this case, we find there is a genuine issue of material fact whether R.C. 2744.03(A)(5) revives the governmental immunity of Perry County as to Bieber's claim of negligence. Accordingly, the trial court did not err when it denied Perry County's motion for summary judgment as to its liability pursuant to R.C. 2744.02(B)(3).

{¶49} Perry County's sole Assignment of Error is overruled.

## CONCLUSION

{¶50} The judgment of the Perry County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.