[Cite as *Ball v. New Era Golf BT Inc.*, 2022-Ohio-2125.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STANLEY BALL | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 22 CAE 02 0014 |
| | : | |
| NEW ERA GOLF BT INC. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 21 CVC 03 0017

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 21, 2022

APPEARANCES:

For Plaintiff-Appellant:

TERRY V. HUMMEL
115 W. Main St., Suite 100
Columbus, OH 43215

For Defendant-Appellee:

ROBERT H. STOFFERS
101 East Town St., 5th Floor
Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant Stanley Ball appeals the January 27, 2022 judgment entry of the Delaware County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

{¶2} On March 24, 2021, Plaintiff-Appellant Stanley Ball filed a complaint in the Delaware County Court of Common Pleas against Defendant-Appellee New Era Golf BT Inc. alleging a negligence claim based on a July 28, 2019 incident in which Ball injured his right leg in a fall into a golf course bunker. Ball filed an amended complaint on August 16, 2021.

{¶3} New Era filed a motion for summary judgment on November 11, 2021, to which Ball filed a response and New Era replied. The following facts were developed from the Civ.R. 56 evidence provided in support of the motion for summary judgment and response.

### The Golf Course

{¶4} Plaintiff-Appellant Stanley Ball is an avid golfer. He had been playing golf on a weekly regular basis for over 20 years. He sometimes played in amateur golf tournaments with a handicap of two.

{¶5} One of the golf courses Ball played regularly was Royal American Links, a golf course located in Galena, Delaware County, Ohio. Defendant-Appellee New Era Golf BT Inc. owns Royal American Links.

{¶6} For approximately two summers prior to July 28, 2019, Ball volunteered at Royal American Links as a "ball picker," where he would drive a golf cart and pick up golf balls on the driving range. He worked as a ball picker two days a week for two to four

hours. In exchange for volunteering as a ball picker, Ball was permitted to play golf at Royal American Links free of charge. Ball played golf at the Royal American Links golf course at least once a week.

### Hole Number 12

{¶7} Prior to July 28, 2019, there was a sand bunker on Hole Number 12 of the Royal American Links golf course. The maintenance crew struggled to keep sand in the bunker because the sand leached into the adjacent pond. Due to the expense of maintaining that bunker, Royal American decided to permit vegetation to grow in the bunker and declare the bunker to be "ground under repair."

{¶8} As a golfer, Ball knew the meaning of "ground under repair." "Ground under repair" is an area on a golf course that a golfer cannot play from if their golf ball lands in that area. If the golf ball lands in a "ground under repair" area, the golfer may drop his golf ball outside of the area without taking a penalty stroke. The golf course will designate an area as "ground under repair" with ropes and stakes around the area. A golfer, however, is permitted to walk in the area to retrieve their golf ball.

{¶9} Ball recalled that before July 28, 2019, there were ropes and stakes around the unmaintained sand bunker at Hole 12, marking it as "ground under repair." In his time playing at Royal American, he and his fellow golfers had walked into the "ground under repair" area at Hole 12 to retrieve their golf balls without incident. When his golf ball fell into that unmaintained bunker, he would just retrieve his ball and not play from that area.

### Hole Number 12 on July 28, 2019

{¶10} On July 28, 2019, Ball and several of his friends were playing golf together at Royal American. Ball hit his tee shot at Hole 12 and the ball went left into the

unmaintained bunker designated as "ground under repair." The ropes and stakes that Ball had previously seen upright at the unmaintained bunker were laying on the ground near the center of the bunker. Ball went to get his golf ball and stepped from the grass on the fairway adjacent to the bunker onto the grass at the top edge of the bunker. As he stepped down into the "ground under repair," the ground underneath his right foot collapsed. He fell backwards as his right foot and leg went down into a hole. Ball injured his right leg and knee, which required immediate surgery and physical therapy.

{¶11} New Era had no prior knowledge that the ground at the unmaintained bunker was unstable. No golfer had reported a fall or injury to New Era when they walked on or retrieved their ball from the "ground under repair" area. Ball nor his golfing companions had ever reported the conditions of the "ground under repair" area to the golf course management before Ball's injury. Prior to Ball's injury, New Era had not inspected the unmaintained bunker or the area around the bunker. New Era expected its ground maintenance crew to notify course management of safety hazards on the golf course.

**Summary Judgment**

{¶12} On January 27, 2022, the trial court granted summary judgment in favor of New Era. In its motion for summary judgment, the trial court found that New Era argued Ball's claim of negligence failed for four reasons: (1) Ball's injury was not foreseeable; (2) New Era lacked actual or constructive knowledge of the hazard and had no duty to inspect for the type of hidden danger that caused Ball's injury; (3) the hazardous condition was open and obvious; and (4) Ball assumed the risk of injury.

{¶13} The trial court analyzed each argument in favor of Ball, the non-moving party, and determined New Era did not owe a duty of care to Ball because it could not

have foreseen that a golfer would be injured by falling into a hole created by latent, unstable ground. It likewise found that New Era lacked knowledge of the hazard posed by the unstable ground around the unmaintained bunker and had no duty to inspect the area. As to New Era's remaining arguments, the trial court found there was no genuine issue of material fact that the hazard was hidden; therefore, Ball could not have assumed the risk nor was the hazard open and obvious.

{¶14} It is from this judgment that Ball now appeals.

## ASSIGNMENT OF ERROR

{¶15} Ball raises one Assignment of Error:

{¶16} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT, NEW ERA'S MOTION FOR SUMMARY JUDGMENT."

## ANALYSIS

### Standard of Review

{¶17} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶18} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated.

*Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983). This appeal shall be considered in accordance with the rule.

{¶19} In his sole Assignment of Error, Ball argues the trial court erred when it granted summary judgment in favor of New Era. Civ.R. 56 states in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶20} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party

to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id*. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791(12th Dist.1991).

{¶21} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶22} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 738 N.E.2d 1243 (2000).

**Negligence**

{¶23} To establish a cause of action for negligence, a plaintiff must demonstrate (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered injury proximately caused by the defendant's breach of duty. *Simmons v. Quarry Golf Club, L.L.C.*, 5th Dist. No. 2015CA00143, 2016-Ohio-525,

60 N.E.3d 454, 2016 WL 561736, ¶ 19 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶24} The existence of a duty and the level of care that a defendant owes to plaintiff is established by the plaintiff's relationship to the defendant. In this case, there is no dispute that on July 28, 2019, New Era was a property owner and Ball was a business invitee. A property owner owes its business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. *Simmons*, 2016-Ohio-525, ¶ 25 citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).

{¶25} To prove a breach of the duty of care in a premises-liability action, the plaintiff must establish either (1) the defendant, through its officers or employees, was responsible for the hazard; (2) the defendant had actual knowledge of the hazard and neglected to promptly remove it or give adequate notice of its presence; or (3) the hazard existed for a sufficient length of time to reasonably justify the inference that the failure to remove it or warn against it was attributable to a lack of ordinary care. *Simmons* 2016-Ohio-525, ¶ 26 citing *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

{¶26} The trial court found there was no genuine issue of material fact that New Era could not have foreseen Ball's injury because it had no notice of the hazard. In negligence cases, the foreseeability of an injury is the core of whether a duty is owed to the plaintiff. *See Clark v. Barcus*, 5th Dist. Muskingum No. CT2017-0019, 2018-Ohio-152, 2018 WL 456222, ¶ 20 citing *Menifee v. Ohio Welding Prods., Inc.* 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶27} "Where negligence revolves around the existence of a hazard or defect, a duty of reasonable care does not arise unless the defendant has notice, either actual or constructive, of such hazard or defect." *Bieber v. Perry Cnty. Bd. of Commrs.*, 5th Dist. Perry No. 2019 CA 00016, 2020-Ohio-3996, 2020 WL 4558073, ¶ 32 quoting *Cone v. City of Canton*, 5th Dist. Stark No. 2017CA00043, 2017-Ohio-8035, 2017 WL 4350971, ¶ 14 quoting *Davis v. Akron*, 9th Dist. Summit No. 19553, 2000 WL 254900, *1 (Mar. 8, 2000), citing *Heckert v. Patrick*, 15 Ohio St.3d 402, 473 N.E.2d 1204 (1984)."Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Bieber*, 2020-Ohio-3996, ¶ 35 quoting *Current v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 18AP-793, 2020-Ohio-1247, 2020 WL 1528434, ¶ 8 citing *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. Actual notice exists where the information was personally communicated to or received by the party. *Id.* "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.*, citing *In Re Estate of Fahle*, 90 Ohio App. 195, 197, 105 N.E.2d 429 (6th Dist.1950).

{¶28} Ball argues the trial court erred in finding that New Era had no notice of the hazard at Hole 12 and that Ball's injury was unforeseeable to New Era because the Civ.R. 56 evidence demonstrated New Era had voluntarily neglected the bunker at Hole 12. It had not conducted any inspections on the bunker to determine if there were hazards before Ball's injury. Ball equates New Era's failure to inspect and neglect of the bunker to constructive notice of the hazard. In *Cone v. City of Canton*, 5th Dist. Stark No. 2017CA00043, 2017-Ohio-8035, we examined constructive notice:

As explained by our brethren from the Eighth District in *Nanak v. Columbus*,

121 Ohio App.3d 83, 86, 698 N.E.2d 1061 (10th Dist.1997), citing *Beebe v.*

*Toledo*, 168 Ohio St. 203, 151 N.E.2d 738 (1958), paragraph two of the

syllabus:

To create a genuine issue of material fact concerning constructive notice,

plaintiffs needed to set forth evidence in the trial court indicating that (1) the

unsafe condition must have existed in such a manner that it could or should

have been discovered, (2) the condition existed for such a length of time to

have been discovered, and (3) if it had been discovered, it would have

created a reasonable apprehension of potential danger or an invasion of

private rights.

*Bieber v. Perry Cnty. Bd. of Commrs.*, 5th Dist. Perry No. 2019 CA 00016, 2020-Ohio-

3996, 2020 WL 4558073, ¶ 33 quoting *Cone*, 2017-Ohio-8035, ¶ 17.

{¶29} We find New Era's choice to leave the bunker in an unmaintained condition

does not create a genuine issue of material fact whether New Era had constructive notice

of an unsafe condition. The trial court stated in its judgment entry that New Era had no

notice of the hazard, actual or constructive:

Here, the bunker existed in its unmaintained condition for several years

without incident or injury, despite golfers regularly entering the bunker to

retrieve golf balls. No golfers raised concerns about unstable ground around

the edge of the bunker. New Era lacked knowledge of any instability in the

ground around the top edge of the bunker.

(Judgment Entry, January 27, 2022). The trial court's conclusion as to the lack of foreseeability of the injury, due to lack of actual or constructive notice, is supported by the Civ.R. 56 evidence.

{¶30} As the trial court also found, the facts of this case are distinguishable from those in *Simmons v. Quarry Golf Club*, 5th Dist. Stark Nos. 2015CA00143 & 2014CA00148, 2016-Ohio-525. In *Simmons*, the golf course installed a drain with a cover on the perimeter of a bunker. When the golf course later eliminated the bunker and transformed it into a deep rough, the golf course did not remove or fill in the drain. The golf course was aware the drain remained in that area. The golf course was also aware that the drain covers throughout the course would dislodge periodically. Although the golf course did a visual inspection of the course each day, it did not routinely inspect the drains. The golf course conceded that an uncovered drain hole was a hidden dangerous condition *Id.* at ¶ 27.

{¶31} The negligence action in *Simmons* arose when a golfer stepped into an uncovered drain hidden in the deep grass of the former bunker, which caused the golfer to suffer an injury. We found there was a genuine issue of material fact whether the golf course knew or should have known of the hazardous condition of the drain at the former bunker. There was no dispute of fact that the golf course created the condition that caused the golfer's injuries. The golf course was aware that golfers would wander into the rough to retrieve balls. *Id.* at ¶ 28. In *Simmons*, we found there was a genuine issue of material fact for trial whether the golf course had a duty of care and breached its duty. *Id.* at ¶ 28.

{¶32} In this case, unlike *Simmons*, there was no Civ. R. 56 evidence presented that New Era had actual or constructive notice of a hazardous condition in the

unmaintained bunker. The golf course in *Simmons* knew the drain was hidden in the rough, that the drain covers dislodged, and that golfers went into the deep rough to retrieve their golf balls. In this case, there was no Civ.R. 56 evidence to create a genuine issue of material fact that New Era knew or should have known there was instability under the ground around the Hole 12 bunker. There was no testimony that the golf course had previously observed holes in the ground or that the ground had collapsed at the bunker. There was no evidence, through expert testimony or otherwise, that if the golf course had inspected the bunker at Hole 12 beyond routine maintenance, it would have discovered that a hole could or would develop if a golfer stepped in the bunker. The bunker had existed in its unmaintained condition for several years, with golfers entering and exiting the "ground under repair" area without incident.

{¶33} Upon this record, we agree with the trial court that reasonable minds could only conclude that New Era did not owe Ball a duty of care to protect him from this injury. There is no genuine issue of material fact that Ball's injury was the result of an unforeseeable accident.

{¶34} Ball's sole Assignment of Error is overruled.

**CONCLUSION**

{¶35} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Wise, John, J., concur.